**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Clarence Puckett III, Appellant.

Appellate Case No. 2012-213517

Appeal From Union County
John C. Hayes, III, Circuit Court Judge

Unpublished Opinion No. 2014-UP-347
Submitted August 1, 2014 – Filed October 1, 2014

**AFFIRMED**

Appellate Defender Carmen Vaughn Ganjehsani, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Deputy Attorney General David A. Spencer, both of Columbia; and Solicitor Kevin Scott Brackett, of York, for Respondent.

**PER CURIAM:** Clarence Puckett appeals his conviction of trafficking in cocaine, arguing the trial court erred in denying (1) his mistrial motion and (2) his request to admit a prior consistent statement pursuant to Rule 801(d)(1)(B), SCRE. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to the mistrial: *State v. Hoffman*, 312 S.C. 386, 393, 440 S.E.2d 869, 873 (1994) ("A contemporaneous objection is required to properly preserve an error for appellate review."); *State v. Simmons*, 384 S.C. 145, 171-72, 682 S.E.2d 19, 32-33 (Ct. App. 2009) (concluding appellant's argument that the trial court should have granted his mistrial motion due to prejudicial witness testimony was unpreserved when appellant failed to timely object to witness's testimony and waited until after witness testified before requesting a mistrial).

2. As to the admissibility of the prior consistent statement: *State v. Foster*, 354 S.C. 614, 620-21, 582 S.E.2d 426, 429 (2003) ("The admission or exclusion of evidence is within the discretion of the trial court and will not be reversed on appeal absent an abuse of that discretion."); *id.* at 621, 582 S.E.2d at 429 ("An abuse of discretion occurs when the trial court's ruling is based on an error of law."); *id.* (stating pursuant to Rule 801(d)(1)(B), a witness's prior consistent statement is "not inadmissible hearsay if: [1] the declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement; [2] the statement is consistent with the declarant's testimony; [3] the statement is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive; and [4] the statement was made before the alleged fabrication, or before the alleged improper influence or motive arose") (alterations by court) (internal quotation marks omitted); *id.* at 622, 582 S.E.2d at 430 (holding a witness's written statement to the police did not qualify as a prior consistent statement pursuant to Rule 801(d)(1)(B), because defense counsel's questions to the witness about the witness's contrary statements "did not rise to the level of charging fabrication, but instead amounted to calling [the witness's] credibility into question, i.e. simple impeachment").

**AFFIRMED.**[1]

**HUFF, SHORT, and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.